UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.
03-40257-NMG

| | |
|---|---|
| DIRECT T.V., INC.<br>    Plaintiff | )<br>)<br>)<br>) |
| vs. | )   **ANSWER TO COMPLAINT**<br>)<br>)<br>) |
| JULIE DESPRES<br>    Defendant | )<br>) |

Now comes the defendant by and through counsel and answers the complaint paragraphs one through eight-one as follows.

### Introduction

(1) Paragraph one is a statement of introduction and as same does not call for an answer. To the extent that any allegation is made and answer due, the defendant denies same.

(2) Paragraph two is a statement of introduction and as same does not call for an answer. To the extent that any allegation is made and answer due, the defendant denies same.

(3) Paragraph three is a statement of introduction and as same does not call for an answer. To the extent that any

allegation is made and answer due, the defendant denies same.

(4) Denied.

(5) Denied.

Parties

(6) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(7) Admitted.

(8) The paragraph is a statement of law and not fact and thus does not require an answer. To the extent that any statute mentioned is applicable to plaintiff's complaint is a question of law to be determined by the court.

(9) The paragraph is a statement of law and not fact and thus does not require an answer. To the extent that any statute mentioned is applicable to plaintiff's complaint is a question of law to be determined by the court.

(10) Admitted.

(11) Defendant denies that venue is proper. Proper venue is in the United States District Court for Central Massachusetts Worcester Division.

Factual Background

(12) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(13) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(14) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(15) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(16) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and

calls on plaintiff to prove same.

(17) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(18) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(19) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(20) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(21) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(22) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

## Defendant's Alleged Wrongful Conduct

(23) Denied.

(24) Defendant is without sufficient knowledge or information to admit or deny the averments made in this paragraph and calls on plaintiff to prove same.

(25) Denied.

(26) Denied.

(27) Denied.

(28) Denied.

(29) Denied.

(30) Denied.

## FIRST CLAIM

### (FACILITATING UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS IN VIOLATION OF THE COMMUNICATIONS ACT, 47 U.S.C. § 605(a))

(31) Defendant repeats her answers to the preceding paragraphs.

(32) Denied.

(33) Denied.

(34) Denied.

(35) Denied.

## SECOND CLAIM

### (MANUFACTURE AND SALE OF SIGNAL THEFT DEVICES IN VIOLATION OF THE COMMUNICATIONS ACT, 47 U.S.C. § 605(e)(4))

(36) Defendant repeats her answers to the preceding paragraphs.

(37) Denied.

(38) Denied.

(39) Denied.

(40) Denied.

## THIRD CLAIM

### (MANUFACTURE OF AND TRAFFIC IN SIGNAL THEFT DEVICES IN VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 1201(e)(2))

(41) Defendant repeats her answers to the preceding paragraphs.

(42) Denied.

(43) Denied.

(44) Denied.

(45) Denied.

## FOURTH CLAIM

### (TRAFFIC IN SIGNAL THEFT DEVICES IN VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 1201(b)(1))

(46) Defendant repeats her answers to the preceding paragraphs.

(47) Denied.

(48) Denied.

(49) Denied.

(50) Denied.

### FIFTH CLAIM

### (UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF FEDERAL WIRETAP LAWS, 18 U.S.C. § 2511(1)(a))

(51) Defendant repeats her answers to the preceding paragraphs.

(52) Denied.

(53) Denied.

(54) Denied.

(55) Denied.

### SIXTH CLAIM

### (MANUFACTURE AND SALE OF SIGNAL THEFT DEVICES IN VIOLATION OF FEDERAL WIRETAP LAWS, 18 U.S.C. § 2512(1)(b))

(56) Defendant repeats her answers to the preceding paragraphs.

(57) Denied.

(58) Denied.

(59) Denied.

(60) Denied.

### SEVENTH CLAIM

### (M.G.L. CH 93A, SEC 2 and 11)

(61) Defendant repeats her answers to the preceding paragraphs.

(62) Denied.

(63) Denied.

(64) Denied.

(65) Denied.

(66) Denied.

## EIGHTH CLAIM

### (UNJUST ENRICHMENT)

(67) Defendant repeats her answers to the preceding paragraphs.

(68) Denied.

(69) Denied.

(70) Denied.

## NINTH CLAIM

### (INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS)

(71) Defendant repeats her answers to the preceding paragraphs.

(72) Denied.

(73) Denied.

(74) Denied.

## TENTH CLAIM

### (INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP)

(75) Defendant repeats her answers to the preceding paragraphs.

(76) Denied.

(77) Denied.

(78) Denied.

## ELEVENTH CLAIM

### (UNFAIR COMPETITION)

(79) Defendant repeats her answers to the preceding paragraphs.

(80) Denied.

(81) Denied.

Prayer For Relief

WHEREFORE, the defendant request that the court deny the plaintiff's request for relief and dismiss this action with prejudice, cost and attorney fees.

Affirmative Defenses

(1) The complaint fails to state a cause of action for which relief can be granted and the matter must be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

(2) The plaintiff has not made demand pursuant to Massachusetts General Laws c93A and thus cannot recover under that act.

(3) The plaintiff's complaint and claims in whole or in part are barred by the various statute of limitations.

(4) The defendant denies each and every allegation of the plaintiff's complaint except as specifically admitted above.

(5) The plaintiff's claims are barred by the doctrine of waiver.

(6) The plaintiff has failed to mitigate its alleged damages.

(7) The plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

(8) Some or all of the plaintiff's claims are barred for failure to exhaust administrative remedies.

(9) Plaintiff's claims are barred by the Statute of Frauds.

(10) Any damage the plaintiff has suffered has been caused by its own actions on inactions.

(11) Plaintiff is guilty of laches and thus cannot recover any alleged damages.

(12) The court lacks jurisdiction over the subject matter.

(13) The plaintiff has failed to join a party under Rule 19 of the Massachusetts Rules of Civil Procedure.

(14) The plaintiff's request for relief constitutes a penalty and thus is illegal and unenforceable.

(15) Plaintiff was the author and drafter of the alleged agreement and the more sophisticated and powerful of the two parties, and said alleged agreement was in essence non negotiable and thus any ambiguity whether latent or patent should be interpreted as against the plaintiff.

## Jury Demand

Defendant demands trial by jury on all counts and claims set forth in the plaintiff complaint.

For the defendant
Julie Despres
by her Attorney

*Edward M Cronin*
Edward M. Cronin, Jr. Esq.
One Broadway, Suite 600
Cambridge, MA 02142
(617) 621-7038
BBO #552622

## CERTIFICATE OF SERVICE

I Edward M. Cronin, Jr. do hereby certify that on the date set forth below I served a copy of this pleading on all counsel of record.

3/24/04

*Edward M Cronin*
Edward M. Cronin, Jr. Esq.